In re WAGENER.

(Supreme Court, Appellate Division, First Department.   March 20, 1914.)

ATTORNEY AND CLIENT (§ 42*)—MISCONDUCT OF ATTORNEY—COURT PROCEEDINGS
    —IMPROPER AFFIDAVITS.

> Respondent, as attorney for a wife in divorce, presented affidavits of his client on a motion for alimony and counsel fees, in which she swore that she had no means to pay counsel, and that she had not paid him any money.   When the affidavits were prepared, respondent knew that his client had a savings bank deposit of upwards of $2,400, which on respondent's advice she had drawn from the bank.   The client, or some one on her behalf, had paid respondent $300 for services which he was to render her, but he claimed that this was for services in bringing certain actions against the husband in relation to money which he had on deposit, and which she claimed had been deposited for her benefit.   *Held*, that respondent was guilty of misconduct in presenting such affidavits to mislead the court, and should be suspended for three months.

> [Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 54; Dec. Dig. § 42.*]

Application to discipline August P. Wagener, an attorney, for professional misconduct in proceedings for alimony and counsel fees in a divorce action.   On report of official referee.   Report confirmed, and respondent suspended from practice for three months.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, DOWLING, and HOTCHKISS, JJ.

Laurence Arnold Tanzer, of New York City, for petitioner.

August P. Wagener, of New York City, in pro. per.

INGRAHAM, P. J.   The charges in this case grow out of a proceeding between one Josephine Speck and her husband, and relate specifically to the respondent submitting to the court, on a motion for alimony and counsel fee, an affidavit of his client which was false and misleading and calculated to deceive the court in obtaining such alimony and counsel fee.   The charges were referred to one of the official referees, who has reported, sustaining the charges to the extent that the respondent submitted affidavits to the court that his client had no means to pay her counsel, and that she had not paid him any money, without explanation or qualification, but further reporting that the other charges against the respondent were not sustained by the evidence.

The respondent practices law with his wife as his managing clerk. They were both examined before the referee, and the respondent also produced his stenographers and clerks to sustain his defense.   If the testimony produced on behalf of the petitioner was sustained, the respondent would be guilty of serious professional misconduct; but as the referee has seen these witnesses, and has been able to judge of the credibility of their testimony and the frankness with which they testified, we have concluded to adopt his conclusion.   We agree with the referee, however, that the respondent was lacking in the perform-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ance of his obligation to the court in regard to this whole proceeding. It is difficult to accept the statement of the respondent that he was ignorant of the contents of the affidavits which he submitted to the court, and upon which the motion for alimony and counsel fee was to be decided. In the papers upon which the motion was based his client had expressly sworn that she had paid no fee to the respondent, and that she was without means to compensate him for his services to her. At the time these affidavits were prepared the respondent knew that his client had a deposit in a savings bank of upwards of $2,400, and that while that deposit stood in the name of herself in trust for her husband, in some way indicating that her husband had an interest in the money, she claimed that the money belonged to her or to her daughter, and that on his advice, or the advice of some one connected with his office, she had drawn that sum from the savings bank; and he certainly must be charged with knowledge of the fact that either his client or some one on her behalf had paid him the sum of $300 for the services which he was to render to her. He claims now that this sum of $300 was paid for his services in bringing three actions against his client's hus· band in relation to some moneys that her husband had on deposit, and which she claimed he had agreed to deposit for her benefit; but the amount of those deposits was small, and it was certainly remarkable that this fee of $300 was paid in relation to the actions in regard to the savings bank deposits, and had no relation to the separation suit, which was brought at the same time. At any rate, as the referee quite justly says in his report, when his opponent directly charged him with having received a fee in the separation action, it was certainly due to the court that he should make some explanation of the payment of this fee he received, rather than to allow his client to swear positively to an affidavit that she had paid him no fee, and to make no explanation himself. We think the respondent's conduct was reprehensible. It was his duty to know what statements were contained in the affidavits of his client which he presented to the court, and on which he asked judicial action, and it could only be with the intent of deceiving the court that this replying affidavit of his client was submitted, without making any statement to the court as to the receipt of the fee that he did receive and the circumstances under which it was paid to him. And this is assuming that his evidence before the referee is accepted. His conduct before the referee is itself deserving of censure. It is quite clear from an examination of the testimony that he was not frank with the referee, and it is difficult to accept all of his testimony as a true statement of the facts involved in these charges.

The respondent was admitted to practice in the year 1870, and has now been for more than 40 years an attorney of this court. He seems to have had an active practice during a great portion of that time. He certainly does not seem to realize his duty to be frank with the court, and to see to it that affidavits presented are true statements of the facts, and that it was a serious breach of professional obligations to allow an affidavit to be submitted that was false and misleading, especially when the question presented is whether a sum of money should be paid to him from his client's opponent. The result of this application to the

court was to obtain a fee for himself, and, to obtain such a fee, he submitted an affidavit from his client which was at least misleading.

For this conduct the respondent cannot be too severely censured, and respondent is suspended from practice for three months, with leave to apply for reinstatement at the expiration thereof, upon proof that he has actually abstained from practice during that period and has otherwise properly conducted himself. All concur.